IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

GEORGE A. ROZIER,                          :
                                           :
            Plaintiff                      :
                                           :
VS.                                        :
                                           :   **7 : 04-CV-80 (RLH)**
JO ANNE B. BARNHART,                       :
Commissioner of Social Security,           :
                                           :
            Defendant.                     :
_____

**ORDER**

The plaintiff herein filed this Social Security appeal on July 12, 2004, challenging the

Commissioner's final decision denying his application for disability benefits.  Jurisdiction arises

under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties have

consented to the United States Magistrate Judge conducting any and all proceedings herein,

including but not limited to the ordering of the entry of judgment.  The parties may appeal from

this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C.

§ 636(c)(3).

***Background***

The plaintiff filed his applications for Supplemental Security Income Benefits in April

2001, alleging disability since April 30, 2001, due to scoliosis, having only one kidney, and

having one leg longer than the other.  His applications were denied throughout the administrative

levels, with the ALJ determining that the plaintiff retained the residual functional capacity for

light work and could return to his past relevant work as a sterilizer.  The Appeals Council denied

review and the plaintiff then filed this appeal, arguing that ALJ erred in rejecting plaintiff's

subjective accounts of pain and limitation and that new evidence supports a remand of this matter for further consideration and development.

### *Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

### *Credibility findings*

The plaintiff briefly argues that the ALJ erred in rejecting his subjective accounts of limitation. In making credibility determinations regarding a claimant's accounts of pain and other symptoms, the ALJ may not reject a claimant's subjective accounts without providing explicit

reasons for doing so.  MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Herein, the ALJ found that "[t]he medical evidence indicates that the claimant has scoliosis, an impairment that is severe within the meaning of the Regulations . . . The claimant also has anxiety, unilateral anephrogenesis, gastroesophageal reflux disease, allergic rhinitis, and a leg length discrepancy, but these impairments are deemed to be non-severe as those do not impose significant job related limitations."  R. at 14-15.  In regard to plaintiff's testimony, the ALJ determined that "[t]he claimant's statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own description of his activities and lifestyle.  R. at 15.  Inasmuch as the ALJ provided specific reasons for discrediting the plaintiff's subjective accounts of limitation, and these reasons are supported by substantial evidence, the ALJ's findings were not in error.

### New evidence

The plaintiff also argues that new evidence submitted to the Appeals Council supports a remand of this matter under Sentence Six.  Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted.  Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985).  In order to obtain a remand under Sentence Six, the plaintiff must establish that:  1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level.  Caulder

v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).

The new evidence at issue consists of a report from psychiatrist Dr. Joe Morgan, a letter and attached treatment notes from treating orthopedist Dr. Earl Creech, employment records from South Georgia Medical Center, and a letter from plaintiff's mother.  The plaintiff maintains that these records show that he has serious psychological issues that should be developed and considered upon remand.  The Commissioner argues that the evidence is cumulative and not material to the ALJ's decision.

The ALJ entered his decision herein on October 31, 2003.  Of the new evidence submitted to the Appeals Council, the work records from South Georgia Medical Center and the medical records from Dr. Creech predate the ALJ's decision, with no showing of good cause by the plaintiff for his failure to submit these pieces of evidence prior to the issuance of the ALJ's decision.  Although the letters from Dr. Creech and plaintiff's mother were apparently drafted after the ALJ's decision, these letters are based on either prior treatment or prior knowledge of the plaintiff with no showing as to why these letters were not obtained prior to the final decision herein, other than the plaintiff's argument that he did not understand the significance of these pieces of evidence and testimony prior to the ALJ's unfavorable decision.

In regard to the records pertaining to the psychological examination performed by Dr. Joe Morgan in January 2004, the plaintiff maintains that Dr. Morgan diagnosed the plaintiff with schizoid personality disorder, generalized anxiety disorder, dysthymic disorder, and suggested that guardianship might be necessary.  As the Commissioner argues, however, Dr. Morgan's findings and examination took place after the issuance of the ALJ's decision, with no evidence establishing that the conditions described relate back to the period under consideration by the

ALJ.  See Wilson v. Apfel, 179 F.3d 1276 (11th Cir. 1999).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 6th day of September, 2005.


 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb

5